UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IRAK ULISES ROSAS,<br>    *Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:24-cv-3489 |
| MARCO A. RUBIO[1] IN HIS OFFICIAL<br>CAPACITY AS SECRETARY OF STATE,<br>    *Defendant*, | §<br>§<br>§<br>§ | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court is Plaintiff Irak Ulises Rosas' ("Rosas") Motion to Strike Defendant's Opposition Exhibit 3 (ECF 26) and Motion for Summary Judgment.[2] ECF 20. After considering record, the applicable law, and Parties' arguments, the Court DENIES Plaintiff's Motion to Strike and Motion for Summary Judgment.

## I.    Factual and Procedural Background.

Plaintiff alleges that he is a United States citizen by virtue of his birth in Freeport, Texas. ECF 1 ¶ 1. He previously held a United States passport. *Id.* at ¶ 4. In 2019, the United States Department of State revoked Plaintiff's passport claiming that he was not a U.S. citizen. *Id.* at ¶ 9. On September 18, 2024, Plaintiff brought this action pursuant to 8 U.S.C. § 1503(a) for declaratory judgment that he is a U.S.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), current Secretary of State Marco A. Rubio is automatically substituted for his predecessor Antony J. Blinken.

[2] The parties have consented to the jurisdiction of this Magistrate Judge for all purposes. ECF 18.

citizen and entitled to a United States Passport. *Id.* at ¶ 58. On March 25, 2025, the Court ordered that discovery close by May 1, 2025.  ECF 17. Plaintiff represents that Parties extended this deadline by agreement to July 1, 2025. ECF 22 at 17.

On August 1, 2025, Plaintiff filed his Motion for Summary Judgment (ECF 20) and accompanying Memorandum of Law and Exhibits. ECF 22. On August 21, 2025, the Defendant filed his Response in Opposition (ECF 23) and attached exhibits (ECF 24). Defendant's Exhibit 3 is an apostilled version of Plaintiff's alleged Mexican birth certificate ("Acta de Nacimiento" or "Acta"). ECF 24-3. Plaintiff filed his Reply (ECF 27) in support of his Motion for Summary judgment on August 28, 2025, and on the same day, filed a Motion to Strike Exhibit 3. ECF 26. Defendant filed his Response (ECF 29) and Plaintiff filed his Reply. ECF 30.

## II.    Legal Standards.

### A. Discovery sanctions under Rule 37.

Rule 26(a)(1) requires parties to make initial disclosures without waiting for a discovery request. FED. R. CIV. P. 26(a)(1). As part of these disclosures, a party must produce "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." FED. R. CIV. P. 26(a)(1)(A)(i). Initial disclosures must also include "a copy—or a description by category and location—of all documents . . . that the disclosing party has in its possession . . . and may use

to support its claims or defenses." FED. R. CIV. P. 26(a)(1)(A)(ii). These disclosures must be made within 14 days of the Rule 26(f) conference or as set by stipulation or court order. FED. R. CIV. P. 26(a)(1)(C). Parties have a continuing duty to supplement their initial disclosures and responses to requests for production in a timely manner as additional information becomes available. FED. R. CIV. P. 26(e); FED. R. CIV. P. 34.

Rule 37 provides sanctions for failure to comply with the Rules regarding discovery. FED. R. CIV. P. 37. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The purpose behind the rule is to prevent surprise or prejudice caused by untimely or undisclosed evidence. *See Silva v. United States*, No. 5:19-CV-151, 2022 WL 22298558, at *4 (S.D. Tex. Apr. 27, 2022).

Courts apply a two-step analysis when deciding to impose an exclusionary sanction under Rule 37(c)(1): first, the court determines whether a party has failed to comply with its Rule 26 obligations, and second, the court determines whether the failure was substantially justified or harmless. *Id.* at *5. When evaluating substantial justification and harmlessness, courts look to the following factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the

evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Mission Toxicology, LLC v. UnitedHealthcare Ins. Co.*, 499 F. Supp. 3d 338, 344 (W.D. Tex. 2020) (internal quotation marks and citation omitted). *See also Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)*; Silva v. United States*, No. 5:19-CV-151, 2022 WL 22298558, at *5 (S.D. Tex. Apr. 27, 2022).

### B. Summary judgment.

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

4

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

### III. Analysis.

#### A. Exhibit 3 will not be excluded pursuant to Rule 37(c)(1) because Defendant complied with his Rule 26 discovery obligations.

Plaintiff argues that Exhibit 3—the certified, apostilled Acta de Nacimiento ("Acta")—was neither properly disclosed during initial disclosures nor in response to requests for production. ECF 26-1 at 3, 5. Plaintiff asks the Court to exclude the document under Rule 37 as a sanction for Defendant's failure to comply with the Rules governing discovery. ECF 26-1 at 8, 9. Defendant argues he fully complied with his disclosure obligations because the document is materially similar to the uncertified, un-apostilled photocopy of the Acta already produced and even if there was a failure to disclose the document, the failure was harmless. ECF 29 at 7-10.

**1. The two copies of the Acta are materially similar, so Defendant did not fail to comply with his discovery obligations.**

The purpose of Rule 26 is to prevent prejudice and surprise so that both sides can adequately prepare their cases. *See Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 F. App'x 444, 446–47 (5th Cir. 2013) (citing *Reed v. Iowa Marine & Repair Corp.,* 16 F.3d 82, 85 (5th Cir.1994)). Rule 26(e) requires parties to timely supplement disclosures, responses to interrogatories, and responses to requests for production when they learn prior responses are incomplete or incorrect "in some material respect." FED. R. CIV. P. 26(e). Parties are not required to supplement when the new information is not materially different. *See Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, No. 3:14-CV-1028-D, 2017 WL 784766, at *3 (N.D. Tex. Feb. 28, 2017) (supplementing not required where new information was "not materially different from the previous disclosure") (citing *Joe Hand Promotions*, 544 Fed. App'x at 447 (affirming admission of information omitted from initial disclosures where opponent was on notice)).

Mexican birth certificates (in either book-copy or certificate form) can be both certified and apostilled. *See Sanchez v. Blinken*, No. 4:20-CV-02883, 2023 WL 2138095, at *2–3 (S.D. Tex. Feb. 21, 2023); *Mexico Reciprocity Schedule*, TRAVEL.STATE.GOV (last visited September 26, 2025), https://travel.state.gov/content/travel/en/us-visas/Visa-Reciprocity-and-Civil-Documents-by-Country/Mexico.html. The apostille is an additional certificate

placed on the document which renders it self-authenticating in countries, such as Mexico and the United States, that are parties to the Hague Convention. *See Sanchez v. Kerry*, No. 4:11-CV-02084, 2014 WL 2932275, at *5 (S.D. Tex. June 27, 2014), *aff'd,* 648 F. App'x 386 (5th Cir. 2015). At the summary judgment stage, documents generally do not need to be admissible, and foreign documents need not contain an apostille, as long as they are capable of being made admissible at trial. *See Martinez v. Pompeo*, No. 5:18-CV-130, 2021 WL 5155705, at *4 (S.D. Tex. Sept. 23, 2021) (citing *Lee v. Offshore Logistical and Transport, LLC*, 859 F.3d 353 (5th Cir. 2017); *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1305 (11th Cir. 2022).

Defendant previously produced an uncertified copy of the Acta without an apostille. ECF 22 at 15; ECF 24-2. Exhibit 3, produced after the close of discovery (ECF 24-3), appears to be a certified and apostilled copy of the Acta.[3] It is unclear when Defendant first possessed the certified, apostilled version, but he notes that he acquired the copy in anticipation of the litigation. ECF 29 at 7. The copy was created on December 11, 2024. ECF 24-3 at 2. Therefore, Defendant possessed the document sometime between that date and August 21, 2025, when it was filed as Exhibit 3.

---

[3] The certification and signature of the official Marsella Lizeth de la Torre Martinez at the top of the Acta's reverse side indicates the document is a true copy issued by a government entity in compliance with Mexican law. ECF 24-3 at 2. The Hague Convention-compliant apostille, certified by the official David Zariñana Rodriguez, is at the bottom of the same page. *Id*.

The previously produced, uncertified copy of the Acta and Exhibit 3 are materially similar. The substance of the information regarding Plaintiff's birth in each is identical across the two copies. Plaintiff concedes as much in arguing that the difference between the two documents lies in Exhibit 3's second page (the certification and apostille). ECF 30 at 1, 2 n. 2. The apostille and certification alone do not render the copies different "in some material respect" because the only additional information they contain are form attestations and the names of two officials. FED. R. CIV. P. 26(e). The officials are not fact witnesses regarding Plaintiff's birth or whether the information the document contains is true; rather, they only swear the document is a true copy of a Mexican public record. The issues Plaintiff raises regarding the apostille and certification go to the issue of self-authentication. *See* FED. R. CIV. P. 901, 902(3). At this stage, the document need not be authenticated and therefore Defendant need not "specify the individuals and officials who would provide the certifications." *Carrizosa*, 47 F.4th at 1305. Because the two copies are not materially different, Plaintiff has not shown that Defendant failed to comply with his Rule 26 obligations.

Striking Exhibit 3 as a discovery sanction would be overly punitive and inefficient. Plaintiff cannot claim surprise because Exhibit 3 is the same Acta that was already produced save the addition of the apostille. Plaintiff is also not prejudiced by the production of Exhibit 3 in response to the Motion for Summary

8

Judgment because, as described above, Defendant could have waited until trial to provide a certified, apostilled copy with the officials' names.

## B. Summary judgment must be denied because the Acta creates a genuine issue of material fact.

Summary judgment is proper when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). When the movant makes this initial showing, the burden shifts to the nonmovant to show that specific facts demonstrate a there is a genuine issue for trial. *See Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). At the summary judgment stage, courts can consider evidence that is otherwise inadmissible if the party submitting it shows that it will be possible to provide an admissible form at trial. *See Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017), *as revised* (July 5, 2017).

A person "within the United States may challenge the denial of rights and privileges owed to him or her as a United States national" under 8 U.S.C. § 1503(a). *Baez v. Jaddou*, No. 1:22-CV-138, 2024 WL 3891400, at *4 (S.D. Tex. Aug. 2, 2024), *report and recommendation adopted,* No. 1:22-CV-138, 2024 WL 3890187 (S.D. Tex. Aug. 20, 2024). In a § 1503(a) action, the plaintiff bears the burden of proving by a preponderance of evidence that he or she is a U.S. citizen. *See Martinez v. Pompeo*, No. 5:18-CV-130, 2021 WL 5155705, at *3 (S.D. Tex. Sept. 23, 2021).

Citizenship is derived from either birth or naturalization. *See Bustamante-Barrera v. Gonzales*, 447 F.3d 388, 394 (5th Cir. 2006).

In this case a genuine issue of material fact exists regarding Plaintiff's birthplace because Plaintiff and Defendant have provided dueling birth certificates. Plaintiff bases his claim for a declaration of his U.S. citizenship on his alleged birth in Texas and offers a Texas birth certificate, among other evidence, to support this assertion. ECF 22 at 7-8; ECF 22-1. Defendant's Response attached the uncertified, un-apostilled copy of the Acta purporting to show Plaintiff's birth in Mexico. ECF 24-2. Courts addressing competing Mexican and American birth certificates have indicated that foreign birth records constitute evidence of alienage. *See Sanchez*, No. 4:20-CV-02883, 2023 WL 2138095, at *4. Because the Acta need not be admissible at this stage, and Defendant can provide an admissible copy (either Exhibit 3 or requesting another certified, apostilled copy), the Acta creates a genuine issue of fact as to Plaintiff's birth to be decided by a factfinder.

## IV. Conclusion and Order.

For the reasons stated above, it is

ORDERED that Plaintiff's Motion to Strike (ECF 26) is DENIED. It is further

ORDERED that Plaintiff's Motion for Summary Judgment (ECF 20) is DENIED.

Signed on November 10, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge